IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Angel Manuel Rios-Nogueras, | ) | Case No. 0:23-cv-04711-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Monique, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court on Plaintiff's amended complaint alleging violations of his civil rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On May 16, 2024, Defendant filed a motion for summary judgment. ECF No. 76. This Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 78. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On July 1, 2024, the Magistrate Judge issued an order giving Plaintiff another opportunity to file a response. ECF No. 81. On July 22, 2024, Plaintiff filed a motion for extension of time in which to file a response to pending motion. ECF No. 84. The Magistrate Judge granted the motion and gave Plaintiff until August 12, 2024, to file a response. Plaintiff has not filed a response. On August 29, 2024, the Magistrate

Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 89. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Plaintiff did not file objections to the Report. Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** with prejudice pursuant to Rule 41(b).[1]

IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

October 29, 2024
Spartanburg, South Carolina

---

[1] The motion for summary judgment [76] is FOUND as MOOT.